Matthias, J.,
concurring. I concur in the judgment of affirmance but on different grounds. Basically the issue in this cause is whether state officials are personally accountable for the return of license fees which were collected by such officials in the performance of their statutorily required duties under *58 a statute which, was subsequently found to be unconstitutional.
Both courts below concluded that defendants are not liable but for different reasons, the Court of Common Pleas holding that the petition does not state a cause of action, whereas the Court of Appeals held that plaintiff’s remedy fell exclusively under the provisions of Chapter 2723, Revised Code, and was barred by the statute of limitations set forth in Section 2723.01, Revised Code.
Since the majority of this court agrees with the conclusion of the Court of Appeals, attention will be given first to a consideration of the determination that plaintiff’s remedy for the recovery of these fees is governed by the provisions of Chapter 2723, Revised Code.
Section 2723.01, Revised Code, states:
“Courts of Common Pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected * * * but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.” (Emphasis added.)
It is apparent that Section 2723.01, Revised Code, relates to the recovery of taxes illegally levied or collected, and this court held, as follows, in the fourth paragraph of the syllabus in Superior Films, Inc., v. Department of Education, supra:
“The fees required by statute for the inspection and censorship of moving picture films to be publicly exhibited within the state, even though such fees exceed to some extent the necessary cost for making the inspection, constitute license fees and not a tax and are, therefore, not discriminatory or unlawful.” (Emphasis added.)
Although the judgment in the Superior Films case was reversed by the Supreme Court of the United States (346 U. S., 587) on the censorship issue, the proposition stated in paragraph four of the syllabus is still valid.
Therefore, it follows that Section 2723.01, Revised Code, does not apply as the license fees collected herein were not taxes. See City of Toledo v. Buechele, 19 C. C., 127, affirmed without written opinion, 65 Ohio St., 603.
Concluding that Chapter 2723, Revised Code, has no application to the license fees involved herein, I would move on to a *59 consideration of the basic question of whether the petition states a cause of action.
There is much authority to the effect that public officials are personally liable to refund fees or taxes which are paid under an unconstitutional statute. An analysis of this principle shows that it is based neither on logic nor reason. To impose such liability on a public officer or employee is violative of one of the basic principles of law, that one is held accountable only for his own wrongful acts or for the wrongful acts of one acting-in his behalf.
In this cause it has not been suggested that defendants committed any wrongful acts personally. ' On the contrary they were merely performing their statutory duties imposed by a statute which this court itself had upheld. So long as they occupied the public positions with which they were entrusted, they were bound to comply with the law, and the law, in this instance, gave them no option but to collect and turn over these moneys in compliance with the statutes. Under these statutes no provision is made for retention of moneys paid under protest nor are means provided whereby the officials could protect themselves. It requires only.an examination of the statutes under which the defendants acted to appreciate their position.
Section 3305.01, Eevised Code, read in part:
“All moneys [censorship fees paid to the Department of Education] so received shall be paid each week into the State Treasury to the credit of the General Eevenue Fund, except as otherwise provided in Section 3305.03 of the Eevised Code.” Section 3305.03, Eevised Code, reads:
“All moneys received from the motion picture license fees collected under Section 3305.01 of the Eevised Code, in excess of such amount as is necessary to pay the operating expenses, including salaries, of the Division of Film Censorship shall be paid into a fund to be used by the Superintendent of Public Instruction for disseminating information relative to the history, scenic beauties, natural resources, and industries of Ohio through the office of the Director of Visual Education of the Division of Public Instruction, Department of Education, and for the creation, maintenance, administration, and regulation of a suitable collection of visual aids for loan to *60 the educational institutions of Ohio. The total sum so set aside annually from the fees collected under such section is appro-priated to the controlling board for the use of the department. Such funds shall be expended only upon the authority of vouchers approved by the superintendent and no expenditure from such funds may be made except for the purposes enumerated in this section.”
Clearly, these statutes required the defendants to handle these funds in a specific manner and in that manner alone. Any other disposition would have been unlawful. There was no provision in the statutes for the sequestration of moneys paid under protest in order to await possible later refunding or for the establishment of a fund for such purposes, such as exists in the Sales Tax Chapter of the Revised Code. See Section 5739.07, Revised Code.
It must be pointed out that the defendants were neither required nor qualified to judge the validity of statutes. Indeed their duties here were purely ministerial. For them to have held the fees separately to await the outcome of this suit would have constituted dereliction of their statutorily required duties. As the Supreme Court of Missouri said in the case of Kleban v. Morris, 363 Mo., 7, 18, a case involving an action to recover taxes paid under an unconstitutional statute, “judgments against defendants [state officials] as individuals, who are innocent of wrongdoing, should not be encouraged. Their official duty was to administer the law and not to pass on its legality, its enactment by the Legislature carrying a presumption of its validity.” See, also, O’Shields v. Caldwell, 207 S. C., 194 (Supreme Court of South Carolina).
Should defendants here now be held answerable for the performing of their duties? Common sense dictates the conclusion that no personal liability should be incurred by an official who acts, otherwise lawfully, under statutes which are valid and in full force and effect at the time the act is performed. Good law is good sense and, if it is not good sense, it is not good law. To charge defendants with personal liability in this cause for acts done in compliance with mandatory obligations imposed by statute would be beyond reason. To so hold would place any official who collects moneys for the state *61 in a position of acting at Ms own personal peril in collecting fees even though he is required by law to do so.
The cases which impose personal liability upon state officials in circumstances such as these overlook the fact that such officials are merely instrumentalities of the state, and it is the state’s act and not theirs which causes the exaction of the fees. Plaintiff may possibly have redress by presenting its claim to the Sundry Claims Board. Section 127.11, Revised Code.
In summary, then, I would hold that a state official who, in lawful manner, collects a fee under a statute which is in full force and effect at the time of the collection but which is subsequently found to be unconstitutional is not personally liable to refund the fee to the person who paid it.
O’Neill and Gibson, JJ., concur in the foregoing concurring opinion.